[Cite as *Brinson v. Akron Hous. Appeals Bd.*, 2017-Ohio-7687.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

EVIS BRINSON

      Appellant

      v.

CITY OF AKRON HOUSING APPEALS
BOARD

      Appellee

C.A. No.     28405

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2016 01 0178

DECISION AND JOURNAL ENTRY

Dated: September 20, 2017

CARR, Judge.

{¶1} Appellant, Evis Brinson, appeals an order of the Summit County Court of Common Pleas in his administrative appeal of a demolition order. This Court reverses.

I.

{¶2} After a hearing before the Akron Housing Appeals Board ("the Board"), the Akron Department of Neighborhood Assistance issued a demolition order related to property owned by Mr. Brinson at 919 Vernon Odom Boulevard. Mr. Brinson filed an administrative appeal with the Summit County Court of Common Pleas under R.C. Chapter 2506. In his merit brief, Mr. Brinson argued that the trial court should receive additional evidence under R.C. 2506.03(A)(2) and that the trial court should vacate the demolition order because the existing record demonstrated that the Board's proceedings violated his right to due process of law.

{¶3} The trial court issued a single journal entry that denied Brinson's motion to supplement the record and affirmed the Board's decision on the merits. In the context of the

motion to supplement the record, the trial court reviewed Mr. Brinson's allegations regarding due process, concluded that there were "no evidentiary or procedural deficiencies under R.C. 2506.03(A)," and denied the motion to supplement the record on that basis. The trial court then turned to the merits of Mr. Brinson's appeal and affirmed the Board's decision based on its determination that the decision was supported by reliable, probative, and substantial evidence and did not constitute an abuse of discretion.

{¶4} Mr. Brinson filed this appeal, raising three assignments of error.

## II.

## **ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED IN FINDING THAT [BRINSON] WAS NOT DENIED DUE PROCESS.

{¶5} Mr. Brinson's first assignment of error is that the trial court erred by affirming the Board's decision without considering his argument that he was denied due process because the Board did not act as an impartial tribunal. We agree.

{¶6} Under R.C. 2506.04, a trial court considering an administrative appeal reviews the order at issue to determine whether it is "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." The scope of this Court's review is more limited. *Smith v. Granville Twp. Bd. of Trustees*, 81 Ohio St.3d 608, 613 (1998). When reviewing a trial court's decision in an administrative appeal, this Court must ordinarily determine whether, as a matter of law, the trial court's decision is unsupported by a preponderance of reliable, probative, and substantial evidence. *Independence v. Office of Cuyahoga Cty. Executive*, 142 Ohio St.3d 125, 2014-Ohio-4650, ¶ 14, citing *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34 (1984).

{¶7} In this case, however, the trial court did not address Mr. Brinson's argument that the Board's decision deprived him of due process of law because it did not function as an impartial body. This Court declines to address this issue in the first instance on appeal because to do so would require us to assume the role of the trial court rather that to sit as a reviewing court. *See Collings v. Hearty Invest. Trust*, 9th Dist. Summit No. 27173, 2015-Ohio-400, ¶ 23. Accordingly, we must sustain Mr. Brinson's first assignment of error and remand this matter for the trial court to address this argument in the first instance.

{¶8} Mr. Brinson's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED FINDING THAT THE NOTICE OF VIOLATION PROVIDED THE APPELLANT COMPORTED WITH DUE PROCESS.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT'S [*SIC*] ERRED IN RULING THAT THE HOUSING APPEALS BOARD[] DID NOT ABUSE ITS DISCRETION.

{¶9} Mr. Brinson's remaining assignments of error challenge the trial court decision on other grounds. In light of our resolution of his first assignment of error, the remaining assignments of error are premature.

III.

{¶10} Mr. Brinson's first assignment of error is sustained. His second and third assignments of error are premature. The judgment of the Summit County Court of Common Pleas is reversed, and this matter is remanded to the trial court for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

SCHAFER, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

COLIN G. SKINNER, Attorney at Law, for Appellant.

EVE V. BELFANCE, Director of Law, and JOHN R. YORK and BRIAN D. BREMER, Assistant Directors of Law, for Appellee.